IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**INTERNATIONAL PAINTERS AND**     \*
**ALLIED TRADES INDUSTRY PENSION**
**FUND,** *et al.*,
                                    \*

   *Plaintiffs,*

v.                                         \*       Civil Case No: 1:23-cv-0585-JMC

**BERNWARD CONSULTING**
**ASSOCIATES, LLC,** *et al.*,           \*

   *Defendants.*
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff's Motion to Alter/Amend Judgment.[1] (ECF No. 30). After neither Defendant responded to Plaintiff's Motion to Alter/Amend Judgment, on September 15, 2025, this Court directed the Defendants to file an overdue response to the Plaintiffs' Motion to Alter/Amend Judgment. (ECF No. 31). On September 25, 2025, Counsel for Defendants filed a Motion to Withdraw as Attorney, which the Court granted on October 1, 2025. (ECF No. 34). In the Court's October 1, 2025 Order, the Court directed Counsel for Bernward Consulting Associates, LLC to obtain new counsel no later than October 15, 2025,[2] and directed Defendant

---

[1] Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Based on the Court's review of Plaintiffs' Declaration and Motion, it appears that Plaintiffs do not seek relief under Fed. R. Civ. P. 59(e) but rather seek the Court's enforcement of their entitlement to monies owed under their Judgment Pursuant to Stipulation.

[2] Defendant Bernward Consulting Associates LLC has not obtained counsel, and the time to do so has passed. Loc. R. 101.1(a) (D. Md. 2025) requires that "[a]ll parties other than individuals must be represented by counsel." *Id.* The Court therefore directed Defendant Bernward Consulting to obtain new counsel by October 15, 2025, and forewarned it that failure to comply by the deadline could cause it to face default judgment on all claims. (ECF No. 34). The Clerk's Office additionally mailed Defendants a copy Local Rule 101.2 on October 1, 2025. (ECF No. 35). To date, no attorney has entered an appearance on behalf of Bernward Consulting Associates LLC. Moreover, Local Rule 101.2(b) provides that if a party other than an individual has not obtained counsel within thirty (30) days of a motion to withdraw, "the Court may take such action, if any, that it deems appropriate, including … directing the party to show cause why a default should not be entered on claims asserted against it." Loc. R. 101.2(b). Thirty days have now passed since former counsel for Defendants filed the Motion to Withdraw (ECF No. 33) on September 25, 2025. Considering that Plaintiffs have not sought a default judgment against Bernward Consulting Associates LLC, and

1

Carl Neimeyer to file a response to Plaintiffs' Motion to Alter/Amend Judgment no later than October 15, 2025. *Id.* Neither party has responded, and the Motion is unopposed. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Motion is GRANTED.

I.     BACKGROUND

On March 3, 2023, Plaintiffs initiated the present action against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. and the Labor Management Relations Act, 29 U.S.C. § 185 seeking unpaid contributions, interest, liquidated damages, and audit costs. On October 12, 2023, Plaintiffs filed a Motion for Judgment Pursuant to Stipulation. (ECF No. 28). On October 20, 2023, Judge Copperthite approved the Judgment. (ECF No. 29).

Under the terms of the Judgment Pursuant to Stipulation, Defendants were responsible for contributions, liquidated damages, audit costs, and interest through October 6, 2023, attorneys' fees, and costs totaling to $73,365.17, including conditionally waived liquidated damages of $8,523.32. *Id.* at 2. The Stipulation provided a payment plan through which Defendants would pay Plaintiffs $5,701.00 per month beginning on October 15, 2023, and to continue on the fifteenth day of each month thereafter for a period of twelve months. *Id.* at 3. In the event of a default, Plaintiffs had an obligation to make a written demand to Defendants to cure the default within seven days. *Id.* at 7. If Defendants failed to do so, all amounts remaining under the Stipulation would be due on demand of Plaintiffs. *Id.* Those amounts included conditionally waived liquidated damages, additional contributions/liquidated damages/interest, plus interest on the declining balance and additional attorneys' fees and costs. *Id.* Moreover, any unpaid or late-paid

---

even if they had, that Defendant Bernward Consulting LLC would be afforded an opportunity to show cause, the Court considers ruling on the present motion as the appropriate action under Local R. 101.2(b).

contributions, together with twenty percent liquidated damages and ten percent per annum interest would become part of the Judgment. *Id.*

## II. DISCUSSION

The present Motion requests an Amended Judgment in the amount of $24.807.60 plus interest at the rate of 10% per annum from the date of entry of an amended judgment, until paid in full. (ECF No. 30 at 1). According to Plaintiffs' Counsel's Declaration, Plaintiff advised Defendants of the final amount owed on September 18, 2024. *Id.* at 3. Upon default, Plaintiffs sent a default notice[3] to Defendants on October 11, 2024, which directed Defendants to cure by submitting payment within seven days. *Id.* at 4. According to Plaintiffs, no further payments have been made. *Id.* There is no indication to the contrary, as Defendants have not opposed the Motion. Plaintiffs seek the Court's enforcement of entitlement to the following breakdown of monies owed under their Judgment Pursuant to Stipulation:

| **Judgment by Stipulation Conditional Balance** | | |
|---|---|---|
| Total Judgment Amount | $73,365.14 | |
| Total Principal Paid | ($59,481.41) | |
| Conditional Liquidated Damages Waiver | ($8,523.32) | |
| Subtotal – Conditional Judgment Balance | | $5,360.41 |
| **Interest** | | |
| 10% Interest on Conditional Judgment Balance (8/23/24-7/9/25) | | $471.87 |
| **Liquidated Damages** | | |
| Conditionally Waived Liquidated Damages (Condition For Waiver Not Met) | | $8,523.32 |
| **Additional Fees & Costs** | | |

---

[3] Plaintiffs refer to several documents not included in their Motion. First, Plaintiffs reference the letter they sent Defendants advising them of their final amount owed as "Exhibit B." Second, Plaintiffs reference the notice of default as "Exhibit C."  However, none of these exhibits are attached or available for the Court's review. The Court considers the representations set forth in Attorney Stafford's Declaration.

| | | |
|---|---|---|
| Attorneys' Fees/Costs (9/30/23-7/3/25) | | $10,452.00 |
| **Grand Total of Outstanding Monies Owed to Plaintiffs Under the Judgment Pursuant to Stipulation** | | **$24,807.60** |

Based on the Court's review of the Judgment Pursuant to Stipulation, Plaintiffs are entitled to the above breakdown of monies. *See* ECF Nos. 29, 30.

### III.   CONCLUSION

For the reasons stated herein, Plaintiffs' Motion is GRANTED. Based on the terms of the Judgment Pursuant to Stipulation, interest will continue to accrue on the amounts due at the rate of 10% per annum until paid in full. Further, pursuant to Paragraph 16 of the Judgment Pursuant to Stipulation, Defendants have waived any notice of Entry of Judgment or of any Request for a Writ of Execution and/or other similar documents or orders and expressly waived all rights to stay of execution and appeal.

Date: October 29, 2025                                        /s/
                                                                            J. Mark Coulson
                                                                            United States Magistrate Judge